UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 2:07 CV 39 |
| v. | ) | |
| | ) | (arising from 2:02 CR 44) |
| TERENCE DILWORTH | ) | |

## OPINION and ORDER

This matter is before the court on Terence Dilworth's motion under 28 U.S.C. § 2255 and the memorandum he filed in support. (Cause No. 2:02 CR 39, DE # 402, 403; Cause No. 2:07 CV 39, DE # 1, 2.) The court ordered the government to respond to Dilworth's collateral attack (DE # 412), and it did. (DE # 414.) Dilworth then filed a reply. (DE # 435.) The court now DENIES Dilworth's motion.

## I. BACKGROUND

A jury found Dilworth guilty of one count of conspiracy to distribute 50 grams or more of cocaine base, and two counts of distribution of cocaine base. (DE # 154.) This court subsequently sentenced him to serve 360 months in prison for each count, the sentences to run concurrently. (DE # 244.)

Dilworth appealed, and the Seventh Circuit ordered a partial remand to determine whether this court would have imposed the same sentence in light of the discretion granted to it by *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Price*, 418 F.3d 771 (7th Cir. 2005); (DE # 360.) This court then held that even with the discretion granted under *Booker*, it would have imposed the same sentence on Dilworth.

(DE # 365.) The Seventh Circuit then affirmed. *See United States v. Dilworth*, 168 Fed. Appx. 89 (7th Cir. 2006).

Dilworth now attacks his sentence under § 2255, claiming that:

(1) his Sixth Amendment rights were violated because the judge, rather than the jury, found that he

    (A) distributed crack cocaine as opposed to some other form of cocaine base,

    (B) distributed more than 1.5 kilograms of crack, and

    (C) used a dangerous weapon as part of his drug trafficking;

(2) his appellate counsel was ineffective for failing to argue that the court incorrectly calculated his criminal history score;

(3) his trial counsel was ineffective for failing to:

    (A) object to his being sentenced for distributing crack, rather than cocaine base,

    (B) investigate if one of his prior convictions was valid,

    (C) note disparity between his sentence and the sentences of his co-conspirators after his case was remanded, and

    (D) continue sentencing so he could review his presentencing investigation report for a full ten days;

(4) the court relied on an unproven state court conviction when calculating his criminal history score; and

(5) he was denied his right under statute to look at his presentence investigation report for a full ten days before his sentencing hearing.

(DE # 403 at 1-17.)

**II. ANALYSIS**

A motion under § 2255 allows a federal prisoner "in custody . . . claiming a right to be released" to attack his sentence on the grounds that it was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 ¶ 1. As discussed below, this court rejects Dilworth's attacks on his sentence, and denies his motion.

*A. Dilworth's Sixth Amendment Claims*

In his claim (1), Dilworth argues that the court violated his Sixth Amendment right to a trial by jury, as explicated by *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), when it made factual findings during his sentencing and used those findings to enhance his sentence. (DE # 402 at 4; DE # 402 at 1-3.) Dilworth misunderstands the law, and his claim is denied.

This court sentenced Dilworth during the period of time after the Supreme Court issued its decision in *Apprendi* but before the Court decided *United States v. Booker*, 543 U.S. 220 (2005). *Booker* held that the sentencing guidelines, as applied, were unconstitutional, because the sentencing guidelines range derived from the unadjusted base offense level served as the statutory maximum, and a district court could increase this range and the base offense level by making its own factual findings, in addition to those found by the jury. *Booker*, 543 U.S. at 231-36. In sentencing Dilworth—again, before *Booker* was decided—this court made additional factual findings that increased

3

Dilworth's base offense level and corresponding guidelines range and sentence. Therefore, in doing so, the court violated the precepts of *Apprendi* and Dilworth's Sixth Amendment rights.

As a result, on direct appeal, the Seventh Circuit remanded Dilworth's case, in accordance with *United States v. Paladino*, 401 F.3d 471, 483-484 (7th Cir. 2005), instructing this court to determine whether it would have given Dilworth the same sentence, knowing that the guidelines were advisory. *See Price*, 418 F.3d at 787. That is, the Seventh Circuit recognized that the manner in which Dilworth's sentence was imposed violated the Sixth Amendment, and asked this court to determine whether it would have given the same sentence if it had known that the guidelines were advisory. *See id.* This court concluded it would have imposed the same sentence even if the guidelines had been advisory. (DE #365.) The Seventh Circuit then held that, since Dilworth would have received the same sentence, the Sixth Amendment violation did not constitute plain error. *See Dilworth*, 168 Fed. Appx. at 91-92.

Dilworth's present claims raise the same issue that was addressed and rejected by the Seventh Circuit on his direct appeal. This court cannot reconsider a claim that has already been addressed in this litigation. *United States v. Story*, 137 F.3d 518, 520 (7th Cir. 1998) ("under the law of the case doctrine, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case"); *United States v. Mazak*, 789 F.2d 580, 581 (7th Cir. 1986) (when a claim was raised on direct appeal and rejected by the court of appeals, that claim cannot be

4

relitigated in a Section 2255 motion "unless an intervening change in law or some other special circumstance" warrants a reexamination of the issue).

Furthermore, the court's actions would have been proper under post-*Booker* procedure. Specifically, "*Booker* clearly permits a district court to grant a sentencing enhancement based on facts not charged in the indictment, not proven to a jury beyond a reasonable doubt or not admitted by the defendant." *United States v. Owens*, 441 F.3d 486, 490 (7th Cir. 2006). That is what occurred in this case – this court enhanced Dilworth's sentence after finding that the "cocaine base" he distributed and conspired to distribute was, in fact, crack cocaine, that he distributed more than 1.5 kilograms of crack, and that he used a dangerous weapon while committing his crimes.

In sum, Dilworth's Sixth Amendment rights were violated, but as the Seventh Circuit has previously explained, *see Dilworth*, 168 Fed. Appx. at 91 n.1, the violation did not satisfy the plain error test because Dilworth cannot show he was prejudiced. These claims are denied.

### B. Dilworth's Criminal History Score Claims

In his claim (2), Dilworth alleges that his counsel was ineffective on appeal for failing to argue that this court improperly calculated his criminal history score. He also argues, in his claim (4), that the court miscalculated his criminal history score by including a criminal conviction that the government did not properly evince. Since these claims stem from the same underlying facts, the court will consider them together.

5

Before Dilworth's sentencing hearing, this court received a presentence report (PSR) prepared by the United State Probation Office. The PSR disclosed that Dilworth had two prior misdemeanor convictions, one for unlicensed gun possession, and another for marijuana possession, with each conviction counting as one point in Dilworth's criminal history score. According to the report, both convictions came after proceedings in the Gary City Court, in Gary, Indiana. At his sentencing, Dilworth's counsel objected to the court using his gun possession conviction in its calculation of Dilworth's criminal history score. In response, the government called U.S. Probation Officer Melissa Page, who testified that she learned about the gun possession conviction through a report on the FBI's National Crime Information Center (NCIC) system. To get such a report, she entered Dilworth's name, social security number, and date of birth into an electronic database. She then received a record showing Dilworth's conviction for the gun possession charge, with additional information to help connect the conviction to Dilworth, including records of his fingerprints. Page also testified that she had recently learned that Dilworth's gun possession conviction actually occurred in the Lake County Court, not the Gary City Court, and she had only discovered a few hours before the hearing that Dilworth had objected to the information in the PSR regarding the gun possession conviction. Page explained that after she learned of Dilworth's objection she had contacted the clerk of the Lake County Court, seeking records of Dilworth's conviction, but that the clerk had not gotten back to her in time for her to present the records at the hearing. This court then found, by a preponderance of the

evidence, that Dilworth had been convicted of gun possession, and relied on that conviction in calculating his criminal history score.

Dilworth now claims that the conviction for gun possession was not properly documented by the government. However, Dilworth failed to raise this claim on either of his two direct appeals, and thus procedurally defaulted it. *See Menzer v. United States*, 200 F.3d 1000, 1005 (7th Cir. 2000) (failure to raise a claim on direct appeal that is based on evidence available at the time bars claim from consideration on § 2255 motion). To overcome procedural default, Dilworth would need to show cause for the default and resulting prejudice. *See Galbraith v. United States*, 313 F.3d 1001, 1006 (7th Cir. 2002) ("[w]hen an issue is not raised on direct appeal, but later attacked collaterally . . . the petitioner will be barred from collateral review unless he can show good cause for failing to raise the issue and actual prejudice").

But Dilworth fails to show prejudice, because it was clear to this court, that had Dilworth raised his objection earlier, instead of immediately before his sentencing hearing, the government would have produced records of his conviction for gun possession. Probation Officer Page contacted the Lake County Court for such records, and would have been able to get them given enough notice, as demonstrated by the fact that the records have now been acquired by the government. (DE # 441-2.) In addition, Page also entered information specific to Dilworth, including his date of birth and social security number into the NCIC system, which revealed Dilworth's gun possession conviction. Other circuits have found that NCIC reports, standing alone, are conclusive

7

evidence of prior convictions for sentencing purposes. *See United States v. Urbina-Mejia*, 450 F.3d 838, 839-40 (8th Cir. 2006); *United States v. Martinez-Jimenez*, 464 F.3d 1205, 1209-12 (10th Cir. 2006). Dilworth's claim (4) is denied.

Dilworth's claim of ineffective assistance of appellate counsel, for failing to raise his claim (4), meets a similar fate. To succeed on such a claim, Dilworth "would have to demonstrate: (1) that his counsel's performance was so deficient as to fall below an objective standard of reasonableness under 'prevailing professional norms;' and (2) that the deficient performance so prejudiced the defense as to deny the defendant a fair trial." *Lee v. Davis*, 328 F.3d 896, 900-01 (7th Cir. 2003) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). "The failure of appellate counsel to raise an issue on appeal requires the court to compare the issue not raised in relation to the issues that were raised; if the issue that was not raised is 'both obvious and clearly stronger' than the issues raised, the appellate counsel's failure to raise the neglected issue is objectively deficient." *Lee*, 328 F.3d at 900-01 (citing *Winters v. Miller*, 274 F.3d 1161, 1167 (7th Cir. 2001); *Williams v. Parke*, 133 F.3d 971, 974 (7th Cir. 1997)). Under this comparative standard, "counsel is not required to raise every non-frivolous issue on appeal." *Martin v. Evans*, 384 F.3d 848, 852 (7th Cir. 2004) (citing *Mason v. Hanks*, 97 F.3d 887, 893 (7th Cir. 1996)). Indeed, "a lawyer may limit appellate arguments to those that in his best judgment would do more good than harm." *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). "Prejudice is established if the issue not raised 'may have resulted in a reversal of the conviction or an order for a new trial.'" *Lee*, 328 F.3d at 901 (quoting

8

*Winters*, 274 F.3d at 1167). "This means there must be a reasonable probability that the issue not raised would have altered the outcome of the appeal had it been raised." *Lee*, 328 F.3d at 901.

 Dilworth does not argue that this claim was clearly stronger than those raised on appeal by his counsel, claims which, in fact, resulted in the case being remanded. *See Price*, 418 F.3d at 771; (DE # 360.) Thus, he fails to demonstrate that he received deficient performance. Furthermore, Dilworth fails to show, or even argue, that he suffered prejudice, asserting instead that his counsel owed him "a duty of loyalty . . . and a duty to advocate [his] cause." (DE # 403 at 8.) Even if Dilworth were to make the proper argument, there is no dispute that Dilworth was in fact convicted of gun possession, and that Parole Officer Page would have been able to acquire the original records of that conviction, had Dilworth objected in a more timely manner. Indeed, the government has filed a copy of the Lake County Court's record of Dilworth's gun possession conviction. (D.E. # 441-2.) Even if appellate counsel had raised this issue and succeeded in obtaining direction from the Court of Appeals that it be considered during the remand for re-sentencing (which the court doubts would have occurred), the government would have introduced the records from Lake County. Thus, Dilworth fails to show that he was prejudiced by his counsel's failure to raise his claim (4) on direct appeal. This claim, Dilworth's claim (2), is denied.

9

### C. Dilworth's Ineffective Assistance of Counsel Claims

Dilworth's claim (3) alleges that he received ineffective assistance of trial counsel at sentencing, based on his counsel's alleged failure to (A) object to his sentencing based on distribution of crack rather than cocaine, (B) investigate whether his handgun possession conviction was valid, (C) note on remand the disparity between his co-conspirators' sentences and his own, and (D) continue the sentencing hearing so Dilworth could further review the PSR. (DE# 403 at 9-13.)

The two-pronged test set forth by *Strickland v. Washington*, 466 U.S. 668 (1984) governs ineffective assistance of counsel claims. First, the "defendant must show that the performance of counsel fell outside the 'range of competence demanded of attorneys in criminal cases' – i.e., that it 'fell below an objective standard of reasonableness.'" *Barrow v. Uchtman*, 398 F.3d 597, 603 (7th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687). Courts must begin with the strong presumption that counsel provided competent representation. *Id.*   Second, the defendant must show that he suffered prejudice as a result of his counsel's ineffectiveness. *Barrow*, 398 F.3d at 603. In other words, the defendant must demonstrate "a reasonable probability that, *but for* counsel's unprofessional error, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The court should deny an ineffective assistance of counsel claim if the defendant makes an insufficient showing on either prong.

10

*Strickland*, 466 U.S. at 697. The court may assess the prongs in whichever order it chooses. *Id*.

Dilworth's ineffective assistance of counsel claims do not merit relief. To begin, Dilworth fails to demonstrate prejudice on his claim that his counsel should have objected to his being sentenced for distributing crack cocaine, when he was found guilty of distributing "cocaine base." There was overwhelming evidence presented at trial that Dilworth distributed crack, including a videotape of Dilworth selling crack to a government informant. Further, in this case, "cocaine base" was used as a synonym for crack, which reflects its use in federal statutes. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (referring to a "mixture or substance . . . which contains cocaine base"). Dilworth was convicted of distributing and conspiring to distribute crack, and it was therefore not an error to sentence him accordingly. Dilworth cannot show prejudice for his counsel's failure to object to his sentence on that ground, and his counsel was not ineffective for failing to make such an objection.

Dilworth also fails to show prejudice for his counsel's failure to investigate whether his conviction for gun possession was valid. Dilworth has never denied that he was, in fact, convicted of possessing an unlicensed hand gun. He merely questions what an investigation might have revealed. Speculating about what an attorney's investigation might have revealed does not satisfy a defendant's burden under *Strickland* to show prejudice. *United States v. Trager*, 289 F.3d 461, 472 (7th Cir. 2002) ("[a] defendant's speculation about what evidence might have been found is insufficient to

11

demonstrate prejudice-he must show what the evidence would have been and how it would have produced a different result"). And, in fact, the government has demonstrated that Dilworth did have a conviction for unlicensed gun possession. (*See* DE # 441-2.) Dilworth comes nowhere close to demonstrating prejudice on this claim.

As his third ground for ineffective assistance, Dilworth argues that, on remand, his counsel should have argued that his sentence was unfair in light of the more lenient sentence given to his co-defendant, Wiley Johnson. (DE # 403 at 11-12.) This argument fails because Johnson's comparatively lighter sentence of 200 months' imprisonment was vacated on appeal, *see United States v. Johnson*, 193 Fed. Appx. 630 (7th Cir. 2006), and Johnson then received the exact same sentence as Dilworth—360 months. It was reasonable for counsel not to demand that Dilworth's sentence resemble Johnson's, when Johnson's sentence was legally flawed. Thus, Dilworth's counsel was not deficient for avoiding that strategy. Furthermore, Dilworth fails to demonstrate prejudice. As this court has stated previously, Dilworth's sentence was "reasonable, appropriate, and sufficient, but not greater than necessary, to comply with the sentencing purposes" set out in the governing federal statutes. (DE # 365 at 3.) There is no reasonable probability that pointing out his co-conspirator's receipt of an erroneously low sentence would have convinced this court to lower Dilworth's. Dilworth's counsel was not ineffective for failing to make this argument on remand.

Finally, Dilworth argues that his counsel was ineffective for not moving to delay the sentencing hearing so Dilworth could more fully review the PSR. (DE # 403 at 13.)

12

But Dilworth fails to explain what he would have done with more time to review the report before his sentencing. By failing to articulate any reason why having more time to review the PSR would have helped him, he fails to satisfy either of *Strickland's* prongs. This claim is denied.

### E. Dilworth's Claim of Insufficient Time to Review the PSR

Dilworth's final claim is that he received the PSR prepared by the U.S. Probation Office only four days before his sentencing hearing. (DE # 403 at 5-6.) 18 U.S.C. § 3552(d) requires a PSR to be given at least ten days before a defendant's sentencing hearing. However, Dilworth waived this claim by failing to move to continue the sentencing hearing. Furthermore, Dilworth has not identified any new objections or issues that he would have raised at the hearing had he been given more time to review the PSR. Thus, the rule violation is harmless.

For the reasons given above, Dilworth's motion pursuant to § 2255 is **DENIED**, and the associated civil case is **DISMISSED**. The clerk shall enter final judgment accordingly, and give immediate notice to Dilworth.

**SO ORDERED.**

**ENTER:** November 7, 2007

 s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT